101 F.3d 108
 NOTICE: THIS SUMMARY ORDER MAY NOT BE CITED AS PRECEDENTIAL AUTHORITY, BUT MAY BE CALLED TO THE ATTENTION OF THE COURT IN A SUBSEQUENT STAGE OF THIS CASE, IN A RELATED CASE, OR IN ANY CASE FOR PURPOSES OF COLLATERAL ESTOPPEL OR RES JUDICATA. SEE SECOND CIRCUIT RULE 0.23.
SUMNER M. ROSEN, Plaintiff-Appellant,
v.
Ronald A. FELDMAN and Columbia University, Defendants-Appellees.
 No. 95-7871.
 United States Court of Appeals, Second Circuit.
 March 14, 1996.
 
 APPEARING FOR APPELLANT: Marshall B. Bellovin, Ballon Stoll Bader & Nadler, P.C., New York, NY. APPEARING FOR APPELLEES: Mark L. Goldstein, Goldstein & Morris, New York, NY.
 S.D.N.Y.
 AFFIRMED.
 Before LUMBARD, MINER and JACOBS, Circuit Judges.
 
 
 1
 UPON CONSIDERATION of this appeal from a judgment of the United States District Court for the Southern District of New York, it is hereby
 
 
 2
 ORDERED, ADJUDGED, AND DECREED that the judgment be and it hereby is AFFIRMED.
 
 
 3
 This cause came on to be heard on the transcript of record and was argued by counsel.
 
 
 4
 Plaintiff-appellant Sumner M. Rosen appeals from a judgment entered in the United States District Court for the Southern District of New York (Schwartz, J.) granting summary judgment in favor of defendants-appellees and dismissing Rosen's claim of age discrimination brought pursuant to the Age Discrimination and Employment Act ("ADEA"), 29 U.S.C. § 621 et seq. We affirm substantially for the reasons given in the thorough opinion of Judge Schwartz.
 
 
 5
 In 1975, Rosen, at the age of 52, was hired as an associate professor at Columbia University's School of Social Work ("CUSSW"). He received tenure in either 1976 or 1977 and became a full professor in 1989. In September of 1990, Rosen learned that his annual salary was substantially lower than the salaries paid to younger professors at CUSSW. Rosen claims that he discovered, through informal conversations, that there was a general disparity between salaries paid to professors in his own age group and those paid to younger professors. For example, Rosen claims that his 1990 salary of $45,893 was far below the average salary of his younger counterparts, and that, in 1990-1991, he received approximately $37,000 less than the average professor under 49. For the 1991-1992 academic year, Rosen claims to have received one of the lowest salary increases, 4.5%, granted to any full professor at Columbia. He asserts that his 1991-1992 salary of $47,958 was the lowest of any full professor at CUSSW.
 
 
 6
 After unsuccessfully seeking redress from Columbia University, Rosen filed a charge of age discrimination against the University with the Equal Employment Opportunity Commission ("EEOC") on August 2, 1991. After conducting an investigation, the EEOC dismissed Rosen's charge, stating that the evidence did not demonstrate that Columbia University had violated the ADEA. On August 21, 1992, Rosen, appearing pro se, filed a complaint in district court. On February 22, 1993, after retaining counsel, Rosen filed an amended complaint. In his amended complaint, Rosen named Columbia University and Ronald A. Feldman, Dean of CUSSW, as defendants, and alleged, inter alia, that the defendants had violated the ADEA by taking age into account in establishing his salary. On October 22, 1993, the defendants filed a motion for summary judgment. On August 7, 1995, the district court granted the defendants' motion for summary judgment, the court having found that Rosen failed to raise an issue of triable fact as to whether the defendants had violated the ADEA. This appeal followed.
 
 
 7
 When a plaintiff alleges age discrimination in violation of the ADEA, we apply the three-part burden-shifting test of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-04 (1973), in the absence of any direct evidence of discrimination. See Stanojev v. Ebasco Serv., Inc., 643 F.2d 914, 921 (2d Cir.1981). Under this analytical framework, the plaintiff first must present a prima facie case of discrimination. McDonnell Douglas, 411 U.S. at 802. If the plaintiff successfully establishes a prima facie case, the burden shifts to the defendant to articulate a legitimate nondiscriminatory reason for its employment decision. Id. Finally, if the defendant articulates a legitimate nondiscriminatory reason for its employment decision, the plaintiff must show that the defendant's articulated reason is a pretext for discrimination. Id. at 804. However, "[t]he ultimate burden of persuading the trier of fact that the defendant intentionally discriminated against the plaintiff remains at all times with the plaintiff." Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 253 (1981).
 
 
 8
 The defendants do not deny that there may be a salary differential between older and younger professors at CUSSW. The defendants contend that their salary determinations are not based on age, but instead are based on market forces and job performance. In support of this contention, the defendants have provided a detailed explanation relating to how the faculty's salaries are determined. The defendants have explained that initial salary offers for prospective faculty are based on the candidates' excellence in scholarship and teaching. Other factors, however, may increase the amounts of the initial offers. For instance, the defendants claim that the majority of the professors that CUSSW tries to recruit request additional compensation for the added expenses that they may incur by moving to the New York Metropolitan area.
 
 
 9
 The defendants have explained that, once faculty members are hired, their salaries are increased by annual raises. These raises are determined largely on the basis of job performance and market forces. Dean Feldman has sole discretion to determine salary raises for the purpose of meeting outside offers. In making this determination Dean Feldman claims that he considers the same factors used in recruiting faculty.
 
 
 10
 Dean Feldman also utilizes a numerical scoring system in determining annual salary increases. The scoring system takes into account a professor's performance in four areas: scholarship, teaching, institutional or community service, and miscellaneous activities. A professor can receive negative or positive points for scholarship and teaching, and positive points for institutional or community service. A professor's cumulative point score determines the professor's salary increase. For example, in the 1991-1992 academic year, a professor with a cumulative score of 0 received approximately a 3.5% salary increase, while professors with cumulative scores of +1 and +2 received approximately 3.5% and 4% salary increases, respectively.
 
 
 11
 The defendants argue that it was in this context that Rosen's salary was determined. Because salary determinations based on market forces and job performance do not violate the ADEA, see Bay v. Times Mirror Magazines, Inc., 936 F.2d 112, 117 (2d Cir.1991); Davidson v. Board of Governors, 920 F.2d 441, 446 (7th Cir.1990), the burden shifts to Rosen to prove that these proffered explanations are pretextual. We think that Rosen has failed to satisfy this burden.
 
 
 12
 Rosen contends that the defendants' reliance on his job performance in determining his salary is pretextual because, during his employment, the defendants acknowledged his record of scholarly achievement. Although Rosen received some positive job performance evaluations, he does not show that his salary was unrelated to his actual job performance. For instance, Rosen does not deny that his record of publications was scanty. Moreover, he received poor student evaluations for the 1990-1991 academic year. Furthermore, there is no indication that Rosen's salary should have been higher due to market forces. Rosen never notified Dean Feldman of a job offer from a competing institution. Nor did Rosen ever threaten to leave unless his salary was increased. For these reasons, we think that Rosen fails to raise a triable issue of fact as to the defendants' proffered explanation for Rosen's lower salary, and thus Rosen's claim fails as a matter of law.
 
 
 13
 In view of our disposition of this appeal, we do not address the defendants' contention that Rosen's claim is time-barred.